IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION



| | | |
|---|---|---|
| CARLA HESTER | § | |
| Vs. | § | CIVIL ACTION NO. 6:04CV36 |
| GRAHAM, BRIGHT & SMITH, ET AL. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff filed the above-styled lawsuit on January 28, 2004, seeking relief pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41 et seq. ("DTPA"). The case was referred to the undersigned in accordance with 28 U.S.C. § 636. On June 8, 2004, Plaintiff filed a Motion to Strike Affirmative Defenses and to Dismiss Counterclaim (docket #21), which is the subject of this Report and Recommendation.

*Background*

In the complaint, Plaintiff alleges that Defendants Graham, Bright & Smith and R. Spencer Shytles filed an action to collect upon a consumer debt in a distant forum in violation of 15 U.S.C. § 1692i, and that Defendant Aqua Finance, Inc., is similarly liable for distant forum abuse under Tex. Bus. & Com. Code § 17.46(b)(23). Motions to dismiss filed by the Defendants were denied on May 10, 2004. Defendants subsequently filed an answer to the amended complaint and a counterclaim

against Carla Hester on May 20, 2004. Plaintiff filed her Motion to Strike Affirmative Defenses and to Dismiss Counterclaim on June 8, 2004, seeking dismissal of the affirmative defenses of laches and limitations and of Defendants' counterclaim. To date, no response has been filed. As such, the court assumes that there is no opposition to the motion in accordance with Local Rule CV-7(d).

*Discussion and Analysis*

First, Plaintiff seeks to strike Defendants' affirmative defenses of laches and limitations as insufficient defenses pursuant to Fed.R.Civ.P. 12(f). Pursuant to Rule 12(f), the "court may order stricken from any pleading any insufficient defense. . ." when a party timely files a motion seeking that relief in lieu of a responsive pleading. An affirmative defense may be stricken as a matter of law if it is insufficient as a matter of law – meaning that it cannot succeed under any circumstances. *Resolution Trust Corp. v. Vestal*, 838 F.Supp. 305, 307 (E.D.Tex.1993); Fed.R.Civ.P. 12(f). It is recognized that Rule 12(f) motions are generally viewed with disfavor and are infrequently granted, but the court may strike affirmative defenses in appropriate cases. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir.1982); *Resolution Trust Corp. v. Sands*, 863 F.Supp. 365, 368 (N.D.Tex. Sept. 9, 1994); *FDIC v. Niblo*, 821 F.Supp. 441, 449 (N.D.Tex. May 6, 1993).

Plaintiff asserts that the affirmative defense of limitations asserted by Defendants is insufficient. Plaintiff argues that she is seeking relief pursuant to the FDCPA, which provides a one year statute of limitations, and the DTPA, which provides a two year statute of limitations. Plaintiff submits that this lawsuit was filed on January 28, 2004, which is less than one year from the date the underlying lawsuit forming the basis of Plaintiff's distant forum abuse allegations was filed in state

court.[1] As set forth above, Defendant did not respond to the motion to strike. Accordingly, there does not appear to be any factual dispute concerning the date the alleged violation of the FDCPA and DTPA occurred. As such, the affirmative defense of limitations should be stricken as insufficient as a matter of law.

Plaintiff additionally seeks to strike Defendants' affirmative defense of laches. Plaintiff asserts that there is no precedent to support a laches defense to an FDCPA damages claim or to an equitable DTPA claim. As previously stated, Defendants did not respond and, therefore, did not produce any precedent to support its laches defense. The equitable defense of laches is intended to protect a defendant from a stale claim, or from a claim asserted after inexcusable delay, and it is generally assumed that laches provides a longer period of time than an applicable statute of limitations. *See Nilsen v. City of Moss Point, Mississippi*, 674 F.2d 379, 387 (5th Cir.1982). As explained above, Plaintiff filed this lawsuit less than one year after the event giving rise to this lawsuit occurred and, apparently, filed this lawsuit within the applicable statutes of limitations. The affirmative defense of laches should, therefore, be stricken as insufficient as a matter of law.

Next, Plaintiff moves to dismiss Defendants' counterclaim. As previously stated, Defendants did not file a response and the undersigned therefore assumes that Defendants do not oppose the motion to dismiss. Defendants jointly filed a counterclaim against Plaintiff and her attorney, Richard Tomlinson. Defendants seek to recover reasonable attorneys' fees and costs due to Plaintiff and her attorney's alleged "bad faith and harassing actions." Defendants assert that they are entitled to attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) of the FDCPA and TX Bus. & Com. Code §

---

[1] According to Plaintiff, that lawsuit was filed in Dallas County Court at Law on February 7, 2003.

17.50(c) of the DTPA.

A prevailing party's claim for attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) of the FDCPA for a plaintiff's bad faith is properly brought as a motion for attorneys' fees and costs after the court has determined that the claim was filed in bad faith or for the purpose of harassment; not as a counterclaim. See *Hardin v. Folger*, 704 F.Supp. 355 (W.D.NY Oct. 19, 1988); 15 U.S.C. § 1692k(a)(3). The request for attorneys' fees pursuant to § 1692k(a)(3) should not be brought until after a decision is made, on the merits, concerning Plaintiff's FDCPA claim. *Id.*

The DTPA likewise provides that, if a court finds that a claim brought under the DTPA is groundless or brought in bad faith, or brought for the purpose of harassment, the defendant may be awarded attorneys' fees and court costs. TX Bus. & Com. Code § 17.50(c). Similar to the FDCPA, the DTPA provides for attorneys' fees after a decision has been made on the merits of a plaintiff's claim. In other words, the Court must first find, as a matter of law, that the DTPA claim is groundless or brought in bad faith. The prevailing party may then seek attorneys' fees pursuant to the DTPA by motion supported by affidavit after a decision on the merits. See, e.g., *Alcan Aluminum Corp. v. BASF Corp.*, 133 F.Supp.2d 482 (N.D.Tex. Jan. 30, 2001). Counterclaims seeking attorneys' fees, including those asserting an entitlement to attorneys' fees pursuant to § 17.50(c) of the DTPA, are most appropriately addressed by motion. *Stroud v. Meister*, 2001 WL 1029529 (N.D.Tex. Aug. 22, 2001). Plaintiff does not, however, present the Court with any case law showing that such a counterclaim should be stricken, even though the issue of attorneys' fees will not be addressed until a decision has been rendered on the merits. Therefore, the request to strike the counterclaim seeking attorneys' fees pursuant to § 17.50(c) should be denied.

Defendants assert in their counterclaim that Plaintiff and her attorney have violated Chapter

9 of the Texas Civil Practice and Remedies Code by bringing this lawsuit in bad faith and for the purpose of harassment, to cause unnecessary delay or to needlessly increase the cost of litigation. Defendants submit that the lawsuit is groundless. Chapter 9 of the Texas Civil Practice and Remedies Code provides procedural rules concerning the signing of pleadings and the effect thereof.[2] Section 9.011 is similar to Rule 11 of the Federal Rules of Civil Procedure and provides a sanction, in § 9.012, for violations of § 9.011. In this lawsuit, Plaintiff asserts a federal claim pursuant to the FDCPA and a state law claim pursuant to the Texas DTPA. Chapter 9 of the Texas Civil Practice and Remedies Code expressly states that it does not apply to DTPA claims. TX Civ.Prac. & Rem. Code § 9.004. Plaintiff's only other claim is a federal claim pursuant to the FDCPA. The Federal Rules of Civil Procedure apply in all civil suits filed in federal court, absent specific congressional intent otherwise. Fed.R.Civ.P. 1; *In re Davis*, 194 F.3d 570 (5th Cir.1999). Accordingly, Fed.R.Civ.P. 11 will apply in this case as opposed to Chapter 9 of the Texas Civil Practice and Remedies Code.

Finally, Defendants assert in the counterclaim that Plaintiff and her attorney have violated Fed.R.Civ.P. 11(b)(1), in that "their actions are being presented for improper purposes such as to harass or to cause delay or needless increase in the cost of litigation." Plaintiff and her attorney complain that Defendants did not provide notice, as required by Rule 11(c)(1)(A), before filing this counterclaim. The counterclaim additionally does not comply with Rule 11(c)(1)(A) in that Rule

---

[2]The signing of a pleading as required by the Texas Rules of Civil Procedure constitutes a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry, the pleading is not: (1) groundless and brought in bad faith; (2) groundless and brought for the purpose of harassment; or (3) groundless and interposed for any improper purpose, such as to cause unnecessary delay or needless increase in the cost of litigation.

11 requires a motion seeking a sanction for a violation of Rule 11(b) to be filed separately from other motions or requests and to describe the specific conduct alleged to violate Rule 11(b). By the express terms of Rule 11(c), it is not appropriate for Defendants to assert a violation of Rule 11(b) in a counterclaim.

For these reasons, the undersigned finds that the affirmative defenses of laches and limitations should be stricken as requested by Plaintiff. Further, the undersigned finds that Defendants' counterclaim should be dismissed.

## Recommendation

It is recommended that the Motion to Strike Affirmative Defenses and to Dismiss Counterclaim (docket #21) be granted.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within ten days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

SIGNED this 30th day of July, 2004.

JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE